UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE WATTLES COMPANY, a Washington corporation, <br><br> Plaintiff, <br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; and EXIDE TECHNOLOGIES, INC., also known as Exide Technologies, and formerly known as Exide Corporation, a Delaware corporation, <br><br> Defendants. | USDC CASE NO: <br><br> THE WATTLES COMPANY'S COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW plaintiff The Wattles Company, by and through its undersigned attorneys of record, and for a complaint against defendants, states and alleges as follows:

## I.  PARTIES

1. Plaintiff The Wattles Company ("Wattles") is a Washington corporation, with its principal place of business in Enumclaw, Washington, and doing business in Washington.

2. Defendant ACE American Insurance Company ("ACE") is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania, and doing business in Washington.

THE WATTLES COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF - 1



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

3.     Defendant Exide Technologies, Inc. is a Delaware corporation with its principal place of business in Milton, Georgia, and doing business in Washington. Exide is also known as Exide Technologies and was formerly known as Exide Corporation. Exide Technologies, Inc., Exide Technologies, and Exide Corporation are collectively referred to herein as "Exide."

## II.  JURISDICTION AND VENUE

4.     This court has jurisdiction over the parties and the subject matter of this lawsuit. The amount in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1332. Venue is proper in this court under 28 U.S.C. § 1391(b)(2), where the property at issue is located, where the losses and/or damages occurred, and/or where the parties transact business.

## III.  FACTUAL BACKGROUND

5.     Wattles realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

6.     ACE issued an All Risks Property Damage and Business Interruption policy to Exide, Policy No. PGLN1928247, for the term September 1, 2006 to September 1, 2007 (the "ACE Policy").

7.     Wattles is the owner of real property located at 1911-2005 Fryar Avenue in Sumner, Washington (the "Premises"). The Premises consisted of a warehouse building with office space (the "Building"), a parking lot, and surrounding fencing and other improvements.

8.     Wattles leased the entire Premises to Exide under several consecutive leases from August 1981 to September 2009. Beginning in October 2009, Exide leased only approximately a third of the Building's warehouse, as well as the office space. Exide vacated the entire Premises in May 2013.

THE WATTLES COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF - 2

HEFFERNAN
LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150  •  Fax: 425.284.1147

9. From 1984 through 2009, Exide used the Building for lead acid battery filling and charging operations known as battery formation. As part of its battery formation operations, Exide filled lead acid batteries with sulfuric acid from tank(s) in an area of the Building known as the acid farm, and then electrically charged the batteries in another area of the Building known as the formation area. As a result of these operations, Exide negligently, and in breach of its obligations under its lease(s) with Wattles, caused sulfuric acid mist to spread throughout the Building which condensed onto the Building's concrete floors and walls, wood roof structural members, overhead utility pipes, and other components, thereby contaminating the Building with high levels of sulfuric acid. Among other damage, this sulfuric acid contamination resulted in structural damage to the Building's wood roof trusses, including charring and resulting loss of cross-section of the trusses, as well as degradation and loss of strength of the trusses.

10. During the period covered by the ACE Policy, Exide's battery formation operations caused contamination and structural damage to the Premises, including particularly to the Building, which sustained direct physical losses and/or damages caused by a peril or perils covered by the ACE Policy. As a result, Wattles incurred costs, damages, losses, and/or expenses, including but not limited to direct physical damage to the Building, diminution in value, lost rents, extra expenses, investigation, testing, demolition, repair, and/or replacement costs, consulting and attorneys' fees, and other damages. These costs, damages, losses, and/or expenses were proximately caused by and result from Exide's negligent actions and/or omissions, breach(es) of Exide's obligations under its lease(s) with Wattles, including Exide's duties of good faith and fair dealing, and are covered under the ACE Policy.

11. In March 2013, Wattles filed a lawsuit against Exide in Pierce County Superior Court No. 13-2-07695-6 seeking damages against Exide (the "Exide Lawsuit") for its negligence



1  and breach(es) of Exide's obligations under the lease(s) with Wattles, and for Wattles' costs,
2  damages, losses, and/or expenses resulting from contamination and structural damage to the
3  Premises caused by Exide.

4      12.    In June 2013, Exide filed for bankruptcy protection in U.S. Bankruptcy Court for
5  the District of Delaware due to Exide's liabilities, including numerous environmental and other
6  claims against Exide across the United States.

7      13.    By order dated March 27, 2015, Wattles was granted relief from stay (the
8  "Bankruptcy Court Order") to enable Wattles to prosecute the Exide Lawsuit to final judgment
9  or settlement and to engage in legal action(s) with Exide's insurers to collect against Exide's
10 insurance coverage to recover any final judgment or settlement with respect to the Exide Lawsuit.

11     14.    Trial of Wattles' claims against Exide in the Exide Lawsuit is set for April 26,
12 2016.

13     **IV.   CLAIMS FOR DECLARATORY RELIEF AGAINST ACE AND EXIDE**

14     15.    Wattles realleges and incorporates by reference all preceding paragraphs as if fully
15 set forth herein.

16     16.    Defense and Indemnity of Exide in the Exide Lawsuit is covered under the ACE
17 Policy, and Exide timely tendered the Exide Lawsuit to ACE pursuant to the ACE Policy.  ACE
18 received the full cooperation of Exide.

19     17.    Mediation of the Exide Lawsuit was held on March 28, 2016, at which
20 representatives, including counsel, for ACE and for Exide, were in attendance.  The mediation
21 failed to result in a settlement of the Wattles Lawsuit.

22     18.    As a direct and proximate result of ACE's refusal to reasonably contribute to
23 settlement of the Exide Lawsuit, or to otherwise defend or indemnify Exide under the ACE Policy

THE WATTLES COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF - 4



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150  •  Fax: 425.284.1147

with respect to the Exide Lawsuit, Exide will be forced to defend against Wattles' claims at trial of the Exide Lawsuit, and as a result of such trial, Exide may and/or shall be subject to a judgment in favor of Wattles (the "Exide Judgment").

19. Any Exide Judgment is covered under the ACE Policy, and pursuant to the Bankruptcy Court Order, the ACE Policy, and as a matter of law, Wattles has the right to collect against ACE under the ACE Policy for the full amount of any Exide Judgment.

20. ACE's acts and omissions, including ACE's failure and/or refusal to defend and/or indemnify Exide under the ACE Policy, and/or to issue a final coverage decision, relieve Exide of any further duties, if any, to cooperate with ACE regarding the Exide Lawsuit and/or any Exide Judgment; forfeits any and all rights of ACE to subrogation and contribution; and estops ACE from asserting defenses to coverage, including exclusions or limitations under the ACE Policy, policy limits or deductibles, and any defenses not asserted in ACE's reservation of rights letters.

21. As a result of ACE's failures to adhere to its obligations under the ACE Policy, Wattles has been compelled to bring this action pursuant to the Bankruptcy Court Order and as a matter of law, to obtain the full benefits due under the ACE Policy. Wattles is entitled to be reimbursed all its reasonable attorneys' fees, consultant fees, and litigation expenses in amounts to be proven at the time of trial.

22. There presently exists an actual and justiciable controversy between the parties regarding ACE's obligations to pay the amount of any Exide Judgment, and its further obligations under the ACE Policy, and Wattles requests the Court to grant declaratory relief establishing the rights and obligations of the parties.

\\

\\

THE WATTLES COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF - 5

HEFFERNAN
LAW GROUP PLLC

1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147

## V. PRAYER FOR RELIEF

WHEREFORE, WATTLES PRAYS for judgment and relief as follows:

1. An order declaring that ACE is estopped and/or otherwise precluded from denying coverage for Exide under the ACE Policy, and/or as a matter of law, for any Exide Judgment;

2. An order declaring that Wattles is entitled to collect against ACE the full amount of any Exide Judgment;

3. An order declaring that under the ACE Policy, and/or as a matter of law, that ACE is obligated to fully satisfy any Exide Judgment, and to pay the full amount of any Exide Judgment to Wattles;

4. An order declaring that Wattles is entitled to award of prejudgment and post judgment interest against ACE;

5. An order declaring that ACE is barred from seeking subrogation or contribution from any other of Exide's insurers;

6. An order awarding Wattles its expenses, costs, consultant, and attorneys' fees incurred herein against ACE under *Olympic Steamship*; and

7. For such other and further relief as the Court deems just, proper, and equitable.

DATED this 8th day of April, 2016.

HEFFERNAN LAW GROUP PLLC

By: /s/ T. Daniel Heffernan
T. Daniel Heffernan                WSBA #17176
dan@heffernanlawgroup.com
Mackenzie K. Stout                 WSBA #48195
mackenzie@heffernanlawgroup.com
Attorneys for The Wattles Company

THE WATTLES COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF - 6



1201 Market Street
Kirkland, Washington 98033-5440
Phone: 425.284.1150 • Fax: 425.284.1147